## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **EUGENE MORRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:22CV87 HEA |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court for judicial review of the final decision of the Commissioner of Social Security denying the application of Plaintiff for disability insurance benefits under Title II, 42 U.S.C. §§ 401-434 and supplemental security income benefits under Title XVI, 42 U.S.C. §§ 1381-1385.  The filings and the administrative record as a whole, which includes the hearing transcript and medical evidence, has been reviewed by the Court. For the reasons set forth below, this matter will be remanded to the ALJ.

### Background

Plaintiff applied for disability and supplemental social security income (SSI) on May 28, 2019.  A telephonic hearing was held on March 9, 2021, before an Administration Law Judge (ALJ). In an opinion issued on May 14, 2021, the ALJ determined that Plaintiff was not under a disability at any time from his alleged

onset date of November 2, 2017. In her decision, the ALJ found Plaintiff had the severe impairments of degenerative joint disease of the left hip, degenerate disc disease of the lumbar and cervical spine, and chronic pain syndrome. The ALJ found Plaintiff had the non-severe impairments of hyperlipidemia and depression. Thereafter, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. While the ALJ found none of Plaintiff's impairments met or medically equaled a listed impairment, the ALJ did find some limitations. Specifically, the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations:

> he should never climb ropes, ladders or scaffolds but is able to occasionally climb ramps and stairs. He is able to occasionally stoop, kneel, crouch and crawl, and to balance on uneven terrain. The claimant is able to frequently reach overhead with his bilateral upper extremities.

The ALJ found Plaintiff could perform work such as an assembler, small products, routing clerk, and cashier.

Plaintiff filed a timely Request for Review of Hearing Decision, and the Appeals Council denied the request for review. Plaintiff has exhausted all administrative remedies. The decision of the ALJ stands as the final decision of the Commissioner.

## Legal Standard

To be eligible for SSI under the Social Security Act, Plaintiff must prove that [s]he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual will be declared disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner engages in a five-step evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At Step One, the ALJ determines whether the claimant is currently engaged in substantial gainful activity. At Step Two, the ALJ considers whether the claimant has a "severe" impairment or combination of impairments. At Step Three, the ALJ determines whether the severe impairment(s) meets or medically equals the severity of a listed impairment; if so, the claimant is determined to be disabled, and if not, the ALJ's analysis proceeds to Step Four.

At Step Four of the process, the ALJ must assess the claimant's residual functional capacity (RFC) – that is, the most the claimant is able to do despite her physical and mental limitations, *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) – and determine whether the claimant is able to perform any past relevant work. *Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at the fourth step of process).

The claimant bears the burden through Step Four of the analysis. If [s]he meets this burden and shows that [s]he is unable to perform [her] past relevant work, the burden shifts to the Commissioner at Step Five to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that exist in significant numbers and are consistent with [her] impairments and vocational factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Jones*, 619 F.3d at 968. Additionally, the Court must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). If, after reviewing

4

the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, the Court must affirm the Commissioner's decision; the Court may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *Id; see also Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017).

**Residual Functional Capacity (RFC)**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. See 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.

## Discussion

The case was before the ALJ on remand from the Appeals Council. The Appeals Counsel directed the ALJ to:

> Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations, specifically, the sit or stand option (20 CFR 404.1545 and 416.945 and Social Security Ruling 96-8p).
>
> If warranted by the expanded record, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14). The hypothetical

5

>questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566 and 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).
>
>Offer the claimant an opportunity for a hearing, address the evidence which was submitted with the request for review, take any further action needed to complete the administrative record and issue a new decision.

While the ALJ acknowledged the Appeals Council remand order directing her to give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations, specifically the sit or stand option, the ALJ's opinion fails to do so.  In her decision, the ALJ discussed Dr. Marty's opinion wherein Dr. Marty suggests Plaintiff could sit for four of eight hours and would need to change positions for comfort. The ALJ recognized that Dr. Marty did not have the benefit of reviewing all of the currently available medical evidence of record and stated: "For example, his opinion regarding the claimant's ability to climb ropes, ladders and scaffolds occasionally is not consistent with the record as a whole, particularly the evidence showing the claimant's medication use. For this and other reasons, his opinion is generally but not fully persuasive."  She did not address the "other reasons," nor did she discuss

6

Dr. Marty's assessment of Plaintiff's ability to sit. Rather than following the specific directive of the Appeals Council regarding the sit or stand limitation, the ALJ in a conclusory fashion concluded in a footnote that the change of position does not appear necessary, and she would have found Plaintiff was not disabled even with such a limitation.

In order for this Court to fulfill its obligation to determine whether the ALJ's decision is supported by substantial evidence on the record as a whole, the ALJ must articulate her reasons for accepting or rejecting evidence before her.

## Conclusion

After careful review, the Court finds the ALJ's decision lacks sufficient discussion of the evidence for the Court to reach a conclusion as to whether the ALJ's decision is supported by substantial evidence on the record as a whole.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **REMANDED** to the ALJ for further consideration as provided herein.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 19th day of January 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE